1

2

3                    UNITED STATES DISTRICT COURT

4                          DISTRICT OF NEVADA

5                                  * * *

6    ALBERT MEDINA,                              Case No. 3:21-cv-00001-MMD-WGC

7                              Plaintiff,         ORDER

8          v.

9
     NEVADA DEPARTMENT OF
10   CORRECTIONS DIRECTOR, *et al.,*

11                            Defendants.

12

13         This action is a *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983 by a

14   prisoner in the custody of the Nevada Department of Corrections. On July 28, 2021, the

15   Court issued an order dismissing the first amended complaint with leave to amend some

16   of the claims. (ECF No. 9 at 17.) The time period for filing a second amended complaint

17   now has expired, and Plaintiff has not filed an amended complaint or otherwise responded

18   to the Court's order.

19         District courts have the inherent power to control their dockets and "[i]n the

20   exercise of that power, they may impose sanctions including, where appropriate . . .

21   dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

22   (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure

23   to prosecute an action, failure to obey a court order, or failure to comply with local rules.

24   *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for

25   noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

26   (affirming dismissal for failure to comply with an order requiring amendment of complaint);

27   *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to

28   comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone*

1    *v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure

2    to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)

3    (affirming dismissal for lack of prosecution and failure to comply with local rules).

4         In determining whether to dismiss an action for lack of prosecution, failure to obey

5    a court order, or failure to comply with local rules, the court must consider several factors:

6    (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

7    manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

8    disposition of cases on their merits; and (5) the availability of less drastic alternatives.

9    *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at

10    130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

11         Here, the Court finds that the first two factors, the public's interest in expeditiously

12    resolving this litigation and the Court's interest in managing its docket, weigh in favor of

13    dismissal. The third factor, the risk of prejudice to Defendants, also weighs in favor of

14    dismissal, since a presumption of injury arises from the occurrence of unreasonable delay

15    in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air*

16    *West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring the

17    disposition of cases on their merits—is greatly outweighed by the factors weighing in favor

18    of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey

19    the court's order will result in dismissal satisfies the "consideration of alternatives"

20    requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d

21    at 1424. The Court's order requiring Plaintiff to file an amended complaint within thirty

22    days expressly stated: "if plaintiff fails to file a timely amended complaint, this action will

23    be dismissed with prejudice for failure to state a claim." (ECF No. 9 at 18.) Thus, Plaintiff

24    had adequate warning that dismissal would result from his noncompliance with the

25    Court's order to file an amended complaint within thirty days.

26         It is therefore ordered that Plaintiff's application to proceed *in forma pauperis* (ECF

27    No. 1) without having to prepay the full filing fee is granted. Plaintiff is not required to pay

28    an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28

1   U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein is

2   permitted to maintain this action to conclusion without the necessity of prepayment of fees

3   or costs or the giving of security therefor.

4        It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the Prison

5   Litigation Reform Act, the Nevada Department of Corrections will forward payments from

6   the account of Albert Medina, # 74738 to the Clerk of the United States District Court,

7   District of Nevada, 20% of the preceding month's deposits (in months that the account

8   exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of

9   the Court will send a copy of this order to the Finance Division of the Clerk's Office. The

10  Clerk of Court will also send a copy of this order to the attention of Chief of Inmate

11  Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV

12  89702.

13       It is further ordered that, regardless of the success of Plaintiff's action, the full filing

14  fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the Prison Litigation

15  Reform Act.

16       It is further ordered that this action is dismissed with prejudice based on Plaintiff's

17  failure to file an amended complaint in compliance with this Court's July 28, 2021, order

18  and for failure to state a claim.

19       The Clerk of Court is directed to enter judgment accordingly and close this case.

20       DATED THIS 7th Day of September 2021.

21

22

23                            MIRANDA M. DU

24                            CHIEF UNITED STATES DISTRICT JUDGE

25

26

27

28